UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP C. ROGERS,

    Plaintiff,

v.

CHECK INTO CASH, INC.,

    Defendant.
_____/

## COMPLAINT

**I. Introduction**

    1.    This is an action for damages brought against Defendant for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and for invading plaintiff's privacy.

    2.    The TCPA prohibits a person or entity from texting, or using an agent to text, an advertisement to a cellular telephone without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of up to $500.00 per violation, or in the court's discretion, $1,500.00 per willful violation.

    3.    Unsolicited text messages damage the recipient. A text message recipient loses the use of his prepaid minutes and data space on his cellular telephone. An unsolicited text message wastes the recipient's time that would have been spent on something else. An unsolicited text invades and interrupts the recipient's privacy. Unsolicited texts can also result in a full inbox, preventing the recipient's cellular telephone from receiving authorized texts, and require additional time and labor to attempt to discern the source and purpose of the unsolicited message.

4. Defendant, along with other entities and individuals to be identified in discovery, sent ten (10) or more unsolicited text messages to Plaintiff's cellular telephone, offering to make short term loans. Each message showed up on the display of Plaintiff's cellular telephone merely as a "New Message." In order to determine the sender and content of each message, Plaintiff was required to use his prepaid minutes.

## II. Jurisdiction and Venue

5. This court has subject matter jurisdiction under 47 U.S.C. § 227 and 28 U.S.C. § 1331.

6. Venue is proper in the United States District Court for the Western District of Michigan because each text message was received in this judicial district, and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## III. Parties

7. Plaintiff Phillip C. Rogers is a natural person residing in Kent County, Michigan. Plaintiff is a "person" as that term is defined and used in the TCPA.

8. Defendant Check Into Cash, Inc. is a Delaware corporation. Defendant conducts business in Michigan and throughout the United States. Defendant's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant's principal place of business is located at 201 Keith Street SW, Suite 80, Cleveland, Tennessee37311-5867.

9. Defendant maintains an internet domain name (www.checkintocash.com) and related internet website, through which Defendant makes payday loans to consumers.

10. Defendant uses the Common Short Code ("CSC") 90101 to send SMS text messages to consumers, advertising defendant's payday loans. See www.usshortcodedirectory.com.

**IV. Facts**

11. In September of 2016, Plaintiff purchased a cellular telephone from Walmart. The cellular telephone was pre-programmed to use a network operated by a prepaid wireless service provider named Tracfone Wireless, Inc. ("Tracfone"). Plaintiff also purchased from Walmart, a set amount of prepaid minutes to allow the cellular telephone to make and receive telephone calls, as well as to send and receive text messages. Plaintiff, via the internet, activated the cellular telephone through Tracfone's website. Tracfone randomly assigned to Plaintiff's cellular telephone, the following telephone number: 216-225-xxxx.

12. A text message received on Plaintiff's cellular telephone is merely displayed on the screen as a "New message." In order for Plaintiff to determine the sender and content of the new message, Plaintiff is required to use a portion of his prepaid minutes.

13. Between October 21, 2016 and June 16, 2017, Defendant transmitted (or caused to be transmitted) at least ten (10) SMS text messages to Plaintiff's cellular telephone, each advertising Defendant's payday loan business. A list of the text messages, with dates, times, short codes, and content, is attached as Exhibit A.

14. SMS text messages are subject to the same consumer protections under the TCPA as voice calls. *In re Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, ¶ 107 (rel. July 10, 2015), https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (the "2015 FCC Order").

15. Defendant used an "automatic telephone dialing system," as the phrase is defined and used in the TCPA, to make calls and send the SMS text messages to Plaintiff's cellular telephone. Specifically, the equipment used by Defendant to make calls and send the SMS text messages to Plaintiff's cellular telephone had the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator, and (b) to dial such numbers. See 47 U.S.C. § 227(a)(1).

16. Equipment used to originate Internet-to-phone text messages to wireless numbers via email or via a wireless carrier's web portal is an "automatic telephone dialing system" as defined in the TCPA, and therefore calls made using the equipment require consent. 2015 FCC Order, ¶¶ 108-122.

17. None of the above-described calls made by Defendant to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

18. None of the above-described calls made by Defendant to cellular telephone number 216-225-xxxx was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. None of the above-described text messages sent by Defendant to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. None of the above-described text messages sent by Defendant to cellular telephone number 216-225-xxxx made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. Defendant did not obtain Plaintiff's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to make the above-described calls to Plaintiff's cellular telephone.

22. Defendant did not obtain Plaintiff's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to make the above-described calls to cellular telephone number 216-225-xxxx.

23. Defendant did not obtain Plaintiff's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to send the above-described text messages to Plaintiff's cellular telephone.

24. Defendant did not obtain Plaintiff's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to send the above-described text messages to cellular telephone number 216-225-xxxx.

25. Defendant did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to make the above-described calls to Plaintiff's cellular telephone.

26. Defendant did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to make the above-described calls to cellular telephone number 216-225-xxxx.

27. Defendant did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to send the above-described text messages to Plaintiff's cellular telephone.

28. Defendant did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to send the above-described text messages to cellular telephone number 216-225-xxxx.

29. Plaintiff has never had an "established business relationship," as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(B), with Defendant.

30. Defendant is not a "tax exempt nonprofit organization" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(C).

31. Defendant made the above-described calls to Plaintiff's cellular telephone for the purpose of encouraging the recipient of the call to obtain a personal loan from Defendant or Defendant's customers.

32. Defendant made the above-described calls to cellular telephone number 216-225-xxxx for the purpose of encouraging the recipient of the call to obtain a personal loan from Defendant or Defendant's customers.

33. Defendant sent the above-described text messages to Plaintiff's cellular telephone for the purpose of encouraging the recipient of the text messages to obtain a personal loan from Defendant or Defendant's customers.

34. Defendant sent the above-described text messages to cellular telephone number 216-225-xxxx for the purpose of encouraging the recipient of the text messages to obtain a personal loan from Defendant or Defendant's customers.

35. The above-described text messages sent by Defendant to Plaintiff's cellular telephone were "unsolicited advertisements" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(5), because they were material advertising the commercial availability or quality

of property, goods, or services which were transmitted to Plaintiff without Plaintiff's prior express invitation or permission, in writing or otherwise.

36.     The above-described text messages sent by Defendant to cellular telephone number 216-225-xxx were "unsolicited advertisements" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(5), because they were material advertising the commercial availability or quality of property, goods, or services which were transmitted to the recipient without the recipient's prior express invitation or permission, in writing or otherwise.

37.     Defendant made the above-described calls using an automatic telephone dialing system to a telephone number (216-225-xxxx) assigned to cellular telephone service. The calls were not for emergency purposes and the calls were not made with the prior express consent of the called party. Accordingly, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38.     Defendant sent the above-described text messages using an automatic telephone dialing system to a telephone number (216-225-xxxx) assigned to cellular telephone service. The text messages were not sent for emergency purposes and the text messages were not sent with the prior express consent of the recipient of the text messages. Accordingly, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

39.     "When the new subscriber to a reassigned number has not consented to the calls to that number, the caller may reasonably be considered to have constructive knowledge – if not actual knowledge – of the revocation of consent provided by the original subscriber to the number when the caller makes the first call without reaching the original subscriber. . . . [T]he opportunity for callers engaged in best practices to avoid liability for the first call following reassignment acknowledges callers' need for a reasonable opportunity to discover a reassignment using available tools, while ensuring that those callers who have not taken steps available to

avoid making calls to reassigned numbers do not have, effectively, the ability to make unlimited calls in a manner that contravenes the consumer protection goals of the TCPA. . . . Calls to wireless numbers, where the caller does not have the consent of the called party – meaning the current subscriber or customary user, as defined above – violate the TCPA, absent [an emergency purposes or prior express consent of the called party]." 2015 FCC Order, ¶¶ 85-93.

40. Defendant willfully and knowingly violated the TCPA.

41. As an actual and proximate result of the acts and omissions of Defendant and its employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, periodic loss of the use of his cellular telephone, annoyance, aggravation, invasion of his privacy, and violation of his right as created by Congress to be free from Defendant's unsolicited advertisements and intrusion in Plaintiff's life, for which Plaintiff should be compensated in an amount to be established at trial.

## V. Claims for Relief

### Count 1 – Telephone Consumer Protection Act

42. Plaintiff incorporates the foregoing paragraphs by reference.

43. Defendant has violated the TCPA. Each Defendant's violations of the TCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore**, Plaintiff seeks judgment against Defendant for:

    a)     Actual monetary loss or $500.00 in damages for each violation, whichever is greater, being a minimum of $500.00 per call made and text message sent (excluding the first call and text message sent) by Defendant to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(B);

b)  Treble damages, calculated as $1,500.00 per call made and text message sent (excluding the first call and text message sent) by Defendant to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3);

c)  An injunction requiring Defendant to cease calling and cease sending text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(A);

d)  Costs of this action; and

e)  Such other and further relief as the Court deems just and proper.

Dated: June 20, 2017

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
6140 28th Street SE, Suite 115
Grand Rapids, Michigan 49546-6938
(616) 776-1176
ConsumerLawyer@aol.com